UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　　Plaintiff,<br><br>v.<br><br>JEFFREY NELSON EDWARDS,<br><br>　　　　　Defendant. | Case No. 1:06-cr-00120-DCN<br><br>**MEMORANDUM DECISION AND ORDER** |

## I. INTRODUCTION

Probation filed a Violation Report alleging that the Defendant, Jeffery Edwards, violated the terms and conditions of his supervised release. The Court held an evidentiary hearing on December 16, 2025, and took the matter under advisement. Upon review, and for the reasons set forth below, the Court finds that the Government has met its burden, and that Edwards violated the terms and conditions of his release.

## II. BACKGROUND

Edwards, in 2006, was originally charged with violations of 18 USC § 2242(b) – Use of the Internet to Entice a Minor to Engage in Sexual Activity – and 18 USC § 2252(a)(4) – Possession of Child Pornography. Dkt. 1. He pled guilty, and, in 2008, Judge

Edward J. Lodge sentenced him to 144 months of incarceration followed by 25 years of supervised release. Dkt. 59. Edwards began supervised release on October 28, 2016.

On June 16, 2020, probation filed a Petition of Violation on Supervised Release. Dkt. 65. On July 22, 2020, Edwards received a sentence of seven months of incarceration followed by 20 years of supervised release. Dkt. 80. Edwards began his second term of supervised release on January 15, 2021.

On August 7, 2025, probation filed a second Petition of Violation on Supervised Release, which alleged three violations. Dkt. 82. On August 14, 2025 at the preliminary and detention hearing, the Government moved to dismiss one of the violations, leaving two violations for the evidentiary hearing. Dkt. 93. At the conclusion of that hearing, the magistrate judge released Edwards due to his need to receive necessary medical care following a serious accident he was involved in through no fault of his own. The two remaining alleged violations were (1) contact with law enforcement without informing his probation officer within the required 72 hours of contact; and (2) multiple occasions of possession of computer devices, including a smartphone, Kindle, and Tablet, without permission of his probation officer.

The Court held an evidentiary hearing on December 16, 2025. One witness, Edwards' probation officer, Crystal Laleman, testified. The parties introduced multiple stipulated exhibits, both counsel made closing arguments, and the Court took the matter under advisement.

MEMORANDUM DECISION AND ORDER - 2

### III. LEGAL STANDARD

A term of supervised release may be revoked by the Court "if it finds by a preponderance of the evidence that the defendant violated a condition of supervised release." 18 U.S.C. Section 3583(3); *see also United States v. Lomayaoma,* 86 F.3d 142, 147 (9th Cir.1996) ("[F]or purposes of a supervised release revocation hearing, the district court need only conclude that a preponderance of the evidence supports" revocation).

Ordinarily, "there is sufficient evidence to support a conviction if, viewing the evidence in the light most favorable to the government, any rational trier of fact could have found the essential elements of a violation." *United States v. Weber,* 320 F.3d 1047, 1050 (9th Cir.2003) (cleaned up).

The rules of evidence do not apply to evidentiary hearings related to the revocation of supervised release. Fed. R. Evid. 1101(d)(3). In *Morrissey v. Brewer*, 408 U.S. 471, 488-89 (1972), the Supreme Court ruled that during revocation hearings, defendants do not enjoy the same procedural protections provided during trial. The Supreme Court recommended a flexible process be employed "to consider evidence, including letters, affidavits, and other material, that would not be admissible in an adversary criminal trial." *Id.* at 489.

### IV. DISCUSSION

#### A. Violation One

Standard Condition 11 states "the defendant shall notify a probation officer within seventy-two hours of being arrested or questioned by a law enforcement officer." Dkt 60, p. 3. Probation alleged that on September 17, 2024, the defendant had contact with the

MEMORANDUM DECISION AND ORDER - 3

Nampa Police Department but did not notify his probation officer within 72 hours as directed.

The probation officer testified at the hearing that Edwards had contact with the Nampa Police Department on September 17, 2024. Edwards encountered an altercation in the Costco parking lot and called the police. When the police arrived, they questioned Edwards about the altercation. He never disclosed this police contact to his probation officer. Instead, the probation officer learned about it in October of 2024 when Edwards participated in a polygraph related to his compliance with the terms and conditions of supervised release. At the polygraph test, Edwards disclosed the contact with police. Later, in an email to his probation officer, dated October 23, 2024, Edwards wrote:

> The threat occurred on September 17, 2024, around 1:00 PM at the Nampa Costco. When the man went to his vehicle to retrieve his verbally stated weapon I left with Daniel and notified Nampa PD. Nampa PD called me back at around 8:30 that evening and the officer didn't even care. He asked me if the man shot me and I stated no and he stated then don't worry about it, people complain about everything so get used to it. I explained again that the man had a weapon and the officer stated no harm, no foul. He refused to take an official statement or give me a case number or his name. so I figured no one cared so I dropped the issue. I honestly don't think I told you because I didn't have any follow up information for you. I think I told Elizabeth, but not sure. I can give a more in depth statement if you need, for what I can recall.

Government Exhibit 2, p. 2. The testimony and exhibits at the hearing establish these things conclusively. First, Edwards was questioned by law enforcement about the Costco incident. Second, Edwards did not tell his probation officer about this incident within 72 hours. Third, the probation officer only learned of it when Edwards took a maintenance polygraph about a month after the incident. This is a violation of the terms and conditions of

MEMORANDUM DECISION AND ORDER - 4

supervised release.

Although not argued by the defendant, the Court notes that this particular Standard Condition has been approved by the Ninth Circuit as not being unconstitutionally vague because "men of common intelligence" need not "guess at its meaning and differ as to its application." *U.S. v. Clarke*, 2011 WL 1480060 (9th Cir. 2011), quoting *U.S. v. Hugs,* 384 F.3d 762, 768 (9th Cir. 2004).

In sum, the Court finds, by a preponderance of the evidence, that Edwards violated Standard Condition 11 by not informing his probation officer within 72 hours that he had contact with the Nampa Police Department.

**B. Violation Two**

A Special Condition of Edwards' Terms and Conditions states:

> The defendant shall not possess or use a computer, except if it becomes necessary for purposes of employment or school, he must obtain prior permission, in writing, from the probation officer, and in any case he may not use a computer or other device connected to the Internet unless his use of the Internet can be restricted to computers or other devices that have been equipped to monitor and log his Internet activity and make regular reports to his probation officer and therapist.

Edwards had permission to use a cellphone that belonged to him and that was installed with monitoring software.[1] On December 11, 2023, the monitoring software captured a text message that discussed a video visit from a day or two earlier. Video visits are blocked by probation's monitoring services. This led probation to believe that Edwards used an unapproved computer system to do the video visit. Upon questioning, Edwads

---

[1] This monitoring software captures screenshots of different applications, messages. or phone calls so that probation can look at the screenshots.

MEMORANDUM DECISION AND ORDER - 5

admitted that he used Daniel's cellphone to make the video visit because he knew it would be blocked by the monitoring services on his own cellphone.

Later, Edwards used his own cellphone to read a long story describing young men in high school and engaging in sexual encounters with each other. That story was captured on probation's monitoring services. However, probation could not determine if the young men were under18 years of age. This does not appear to be a violation of the terms and conditions of supervised release. This is the alleged violation dismissed by the Government at the preliminary hearing.

Finally, on August 7, 2025, probation did an unannounced home visit on Edwards' residence. They found a Kindle in his bedroom and a Samsung tablet in the spare bedroom. No one else was living in the residence at that time. Both devices were new and still in their packaging. Edwards did not have permission from probation to possess either of the devices. Both devices had the capability to connect to the Internet and did not have monitoring software on them. While being questioned about these devices, Edwards denied ever using either of these devices to access the Internet. However, he admitted that he used his roommate's cellphone on two prior occasions to look at explicit images of males.

The Court finds, by a preponderance of the evidence, that Edwards violated this special condition by possessing computer devices that could access the Internet without monitoring software or the knowledge of his probation officer. Whether he actually used those devices to access the Internet may be relevant to sentencing but is not relevant to violation.

MEMORANDUM DECISION AND ORDER - 6

## V. CONCLUSION

The Court has considered the testimony and exhibits presented during the evidentiary hearing, and makes the following conclusions based upon a preponderance of the evidence.

1. Edwards was placed on supervised release a second time on January 15, 2021. Standard Condition eleven required him to inform his probation officer within 72 hours any time he was questioned by law enforcement. He did not do this.

2. A Special Condition required Edwards to not possess or use a computer device capable of accessing the Internet. Edwards possessed both a Samsung Tablet and a kindle. Although both were still in their original packaging, both could access the Internet and did not have monitoring software on them. Edwards also used his roommate's cellphone twice to access explicit photos of men. He also used his roommate's cellphone to engage in a prohibited video conversation even though he knew such a conversation was prohibited. He admitted he used that particular cellphone because it did not have monitoring software on it.

3. In sum, the Court finds the Government has met its burden as to both violations.

## VI. ORDER

IT IS HEREBY ORDERED that:

1. The Government met its burden as to violations one and two. The Court finds that Edwards has violated his conditions of supervision in the manner set forth above.

MEMORANDUM DECISION AND ORDER - 7

2. This matter will be set for a Final Revocation Hearing sometime in January at the U.S. Courthouse in Boise, Idaho. Notice of the exact date and time will be forthcoming.

DATED: December 22, 2025

_____
David C. Nye
Chief U.S. District Court Judge

MEMORANDUM DECISION AND ORDER - 8