UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　　　Plaintiff,<br><br>v.<br><br>JEFFERY NELSON EDWARDS,<br><br>　　　　　　Defendant. | Case No. 1:06-cr-00120-DCN<br><br>**MEMORANDUM DECISION AND ORDER** |

## I. INTRODUCTION

Before the Court is Defendant Jeffery Edwards's Motion for Release Pending Appeal. Dkt. 112. The Government opposes the Motion. Dkt. 117. Upon review, and for the reasons set forth below, the Court DENIES Edwards's Motion.

## II. BACKGROUND

Edwards is a repeat sex offender. Since 1997, Edwards has committed crimes ranging from possession of child sexual abuse material to hands-on sexual offenses.

Relevant here, Edwards pled guilty in 2007 to use of the internet to entice a minor to engage in sexual activity in violation of 18 U.S.C. § 2422(b) and possession of child pornography in violation of 18 U.S.C. § 2252(a)(4). In 2008, he was sentenced to 144 months of incarceration followed by 24 years on supervised release.

Edwards's first term of supervised release began in 2016. In 2017, Edwards violated

the terms of his supervision, and the Court sentenced him to seven months in prison followed by 20 years of supervised release.

Edwards began his second term of supervised release on January 15, 2021. On August 7, 2025, United States Probation and Pretrial Services filed a petition to revoke Edwards's supervised release, alleging three violations. Dkt. 82. Violation One alleged Edwards failed to notify his probation officer of contact with law enforcement. Violation Two alleged Edwards accessed certain electronic devices without permission. Violation Three alleged Edwards possessed erotic literature describing sex with minors.

The Government dismissed the third violation at the preliminary hearing. Dkt. 93. After an evidentiary hearing (Dkt. 100), the Court found the Government had proven violations one and two by a preponderance of the evidence (Dkt. 101).

The Court held a final revocation hearing on January 13, 2026. Dkt. 103. The guideline range for Edwards's conduct was seven to thirteen months. After hearing argument from counsel, the Court revoked Edward's probation and sentenced him to a term of incarceration of twelve months and one day. Critically, Edwards's counsel argued for a lower sentence based on the updated policy statements in Chapter 7 of the Sentencing Guidelines, the Court considered this argument—along with all the other statutory factors—and imposed sentence. Dkts. 103, 104. The Court allowed Edwards the opportunity to voluntarily surrender. *Id*.

The next day, on January 14, 2026, Edwards appealed. Dkt. 106.

On February 20, 2026, Edwards filed the instant Motion for Release Pending Appeal. Dkt. 112.

On February 26, 2026, Edwards filed a Motion to Extend Deadline for Self-Surrender arguing he should not have to surrender for his sentence until the Court rules on his motion for release. Dkt. 115. The Court denied Edwards's request to extend his self-surrender date but expedited briefing on the underlying motion. Dkt. 116.

The Government has responded (Dkt. 117), Edwards has replied (Dkt. 118), and the matter is ripe for review.

### III. LEGAL STANDARD

Under the Bail Reform Act, defendants convicted of federal crimes are not eligible for release pending appeal of a sentence unless they can show: 1) by clear and convincing evidence that they are not likely to flee or pose a danger to the safety of any other person or the community, and 2) their appeal is not for the purpose of delay and raises a substantial question of law or fact likely to result in reversal, a new trial, a noncustodial sentence, or a reduced sentenced. 18 U.S.C. § 3143(b)(1).

Both sides admit that while the standard for release pending appeal after *sentencing* is set by statute, the Ninth Circuit has not explicitly set forth a standard for release pending appeal of an order revoking supervised release.

Edwards claims the Court should apply the "exceptional circumstances test" set forth in *United States v. Bell*, 820 F.2d 980 (9th Cir. 1987). In *Bell,* the Ninth Circuit held the language "appeal of conviction or sentence" in the Bail Reform Act does not encompass an appeal from an order revoking probation. *Id*. at 981. The Circuit held, instead, that "release pending appeal from an order revoking probation is proper only upon a showing of exceptional circumstances." *Id*.

MEMORANDUM DECISION AND ORDER - 3

The Government does not necessarily disagree that the exceptional circumstances test applies but urges the Court to begin with the Bail Reform Act. It postures that, even under the Bail Reform Act, certain violent offenders who have been convicted of child exploitation crimes—such as Edwards—are not eligible for release even if they meet the statutory requirements. Rather, such offenders cannot be released unless they meet those requirements *and* "it is clearly shown that there are exceptional reasons why [their] detention would not be appropriate." 18 U.S.C. § 3145(c). In the Government's estimation, because the "exceptional circumstances test is more stringent than the requirements of the Bail Reform Act, it necessarily follows that even if the Bail Reform Act does not directly address release pending appeal of a revocation order, defendants should still be required to make [that showing]." Dkt. 117, at 6. Otherwise, the Government claims, "defendants who have violated supervised release would have a lesser, not a more stringent, burden than defendants who are simply pending appeal of a sentence." *Id*. at 7.

In reply, Edwards notes that, if the Government concedes the Bail Reform Act does not apply *and* the exceptional circumstances test is more stringent, why would the Court even need to consider the parameters of the Bail Reform Act? *See generally* Dkt. 118, at 2–5. The Court tends to agree.

Even if defendants are not categorically required to show they satisfy the Bail Reform Act's requirements, the Court feels it can consider the purposes of those requirements *as part of* its exceptional circumstances analysis—as it will below. In sum, the Court finds the exceptional circumstances test best suited for the present question.

MEMORANDUM DECISION AND ORDER - 4

# IV. ANALYSIS

Edwards argues there are four exceptional circumstances supporting his release while his appeal is ongoing: (1) if incarcerated, he will likely serve his entire sentence before his appeal is resolved; (2) he raises novel issues in his appeal; (3) his violations were technical and non-violent; and (4) he requires ongoing medical care. The Court will address each in turn but agrees with Edwards that the Court should consider his circumstances holistically. *See* Dkt. 118, at 5. But while some factors, taken in isolation, might support release, others do not. And it is this cumulative, and interrelated, weighing of factors that leads the Court to conclude release is not appropriate under the circumstances.

## A. Length of Incarceration

Edwards first argues that his sentence—twelve months and one day—will likely end before his appeal has been resolved, which would be fundamentally unfair.

While the Court appreciates the length of Edwards's sentence and the typical length of any given appeal, timing alone cannot justify release. In the Court's experience, many criminal appeals in the Ninth Circuit take one to two years to reach resolution. *Many* sentences the Court imposes are *less* than one to two years. Thus, many defendants complete their sentence before their appeal is resolved. This is not unique to Edwards.[1] Nor

---

[1] Edwards's concern that meritorious revocation appeals might not be decided in a timely manner is well taken, but the solution is not for the district court to order release pending appeal. If the Court ordered release pending appeal in every contested revocation with a sentence of less than two years, the Court would risk severely curtailing the deterrent effect of supervised release. Moreover, courts would be placed in the uncomfortable position of weighing, at sentencing, a lighter sentence (which would in the short-term result in merely continued supervised release) against a harsher sentence (which the Court is not otherwise inclined to order but which results in an immediate revocation). Edwards's dilemma is better addressed by the Court of Appeals, which can expedite his appeal or even order his release as it deems appropriate. *See* Ninth Cir. App. R. 9-1.2(a). Because the Court of Appeals is better positioned to weigh the probable (Continued)

MEMORANDUM DECISION AND ORDER - 5

does it represent an exceptional circumstance justifying release *especially* considering the substance of Edwards's appeal. That is where the Court turns next.

### B. Novel Issues on Appeal

Second, Edwards contends the nature of his appeal supports release because he is raising important and novel issues.

Candidly, the Court does not see any novel issues present here. The crux of Edwards's appeal is based on the Sentencing Commission's recently changed guidance which highlights that courts should "consider all available options focused on facilitating a defendant's transition into the community and promoting public safety" before revoking supervision. U.S.S.G. § 7A. Edwards posits "whether and how a district court must engage with that new framework on the record is a question the Ninth Circuit has not addressed." Dkt. 118, at 7. While it may be true that the Ninth Circuit has not addressed this framework, the Court does not view the framework as particularly new or revolutionary. The Court consistently strives to craft individualized sentences based on the circumstances, characteristics, history, and aptitude of the defendant.

At Edwards's final revocation hearing, the Court highlighted this was a "difficult case," and that "trying to fashion a sentence [] that's appropriate ha[d] not been easy . . . ." Dkt. 111, at 18. The Court also *specifically* addressed the new guidance in Chapter 7—that Edwards now claims the Court did not fully appreciate—and found that "contrary to what's been said here . . . this case does show defiance above the need for mere adjustment." *Id*.

---

duration of his appeal against its merits and his needs, Edwards must look to that court to address his durational concerns.

at 19, 20. The Court ultimately determined that, although Edwards has been making progress in many areas of his life, he continues to have sexual fantasies about minors and had access to (and used) devices in violation of the requirements of his supervision through "subterfuge and deception" that could not go un-noticed. *Id*. at 19. This conclusion dovetails into Edwards's third argument. But the Court finds its weighing of the arguments at the final revocation hearing, its reasoning and analysis, and its imposition of a guideline sentence supports the notion that there is nothing novel about Edwards's appeal.[2]

### C. Nature of Violations

Third, Edwards claims his violations were technical and non-violent. Comparatively speaking, the Court agrees. But even small violations must be taken seriously. Moreover, when viewed in the context of the entire case and Edwards's history, the violations are not as benign as Edwards suggests.

Edwards has a long history of sex-related crimes against minors. As it relates to the second violation,[3] Edwards used his roommate's unmonitored cellphone on numerous occasions. One such occasions was to have a video call with another adult male he'd met on a dating site. Edwards admitted he used his roommate's cellphone because he knew that the monitoring software on his own cellphone would block the video call. On other occasions, Edwards used his roommate's phone to view adult pornography. Again, he

---

[2] In this manner, the Court has effectively reviewed the second prong of the Bail Reform Act and finds it weighs against granting release pending appeal.

[3] Edwards's first violation was his failure to report law enforcement contact to his probation officer. Factually, Edwards witnessed a fight at Costco, called 911, and was then interviewed by police about the fight. He failed to tell his probation officer about that contact. The Court maintains all rules must be followed, but as it stated at sentencing, it is "not concerned" about that violation. Dkt. 111, at 18.

admitted he did this because he knew the images would be blocked by the monitoring software on his own cellphone. And disturbingly, when asked if any of the images involved juveniles, Edwards stated he was "unsure." Dkt. 110, at 18. Finally, Edwards's probation officer found two unapproved electronic devices during a search of his residence—a Kindle and a tablet.

Edwards makes much of the fact that both the Kindle and tablet were unopened. But as the Court stated at sentencing, such an argument is like saying "I had meth on me, but I had not yet used it." Dkt. 111, at 19. Edwards was not allowed to have those devices, period. That he was never caught *using* them may mean his violation was less severe, but it was a violation nonetheless.

Ultimately, even if Edwards's violations were "technical," they were, nevertheless, concerning. Edwards's prior enticement charge and child pornography charge involved juvenile males. He has also told his treatment providers that he "cannot get over his sexual fantasies of young males." Dkt. 110, at 43. So technical or not, Edwards's violations with electronic devices and illicit materials were not passive or violations of omission (like not reporting police contact). He was affirmatively choosing to skirt the rules and evade detection. This does not bode well for compliance or rehabilitation—to say nothing of community safety.[4] The Court finds Edwards's violations were serious under the circumstances and do not support release pending appeal.

---

[4] In this manner, the Court has also considered the safety aspect outlined in the first prong of the Bail Reform Act and finds it weighs against release pending appeal as well.

### D. Health Concerns

Finally, Edwards argues his ongoing medical needs support release. Edwards was involved in a head-on collision in March of 2025. He has ongoing physical and cognitive conditions of a result of that accident and contends an interruption to his treatment would be unduly harsh. The Court is sympathetic to Edwards's physical and mental treatment needs. However, many inmates have such needs, and so his case is not extraordinary. Moreover, the prison system has medical facilities, treatment providers, counselors, mental health professions, and others who can assist Edwards in continued treatment. It may not be the same as what he is currently receiving, but he will not be left wholly on his own while serving his sentence. This factor, standing alone or in combination with the other factors, does not support release.

## V. CONCLUSION

The Court has reviewed the parties' briefs and the transcripts from the evidentiary hearing and the final revocation hearing and concludes, on balance, that release pending appeal is not appropriate. The Court understands Edwards's arguments. And none are wholly without merit. However, individually and collectively, his arguments do not constitute "exceptional circumstances."

Edwards's circumstances are not unlike many defendants when it comes to the length of his sentence vis-a-vis the length of appeal, nor is he unlike many defendants who have physical or mental ailments that require attention. The Court also does not find that Edwards's arguments on appeal show anything extraordinary. The Court considered all relevant factors—even through the "new" lens Edwards suggests—and imposed a fair,

individualized, within guideline-range sentence. Lastly, while Edwards's violations may have been more technical when compared to other potential violations, the Court still finds them concerning. In sum, Edwards has not carried his burden that release from incarceration during the pendency of his appeal is appropriate.

## VI. ORDER

IT IS ORDERED that:

1. Defendant Edwards's Motion for Release Pending Appeal (Dkt. 112) is DENIED. Edwards shall report to his place of designation as required.

DATED: March 13, 2026

David C. Nye
U.S. District Court Judge

MEMORANDUM DECISION AND ORDER - 10